UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEAURENZA EDWARDS,

    Plaintiff,

v.                                                                              Case No. 5:23-cv-51-RH-MJF

COMMISSIONER FOR THE INTERNAL
REVENUE SERVICE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves for a preliminary injunction. Doc. 29. Because Plaintiff has failed to establish each of the four prerequisites for a preliminary injunction, the District Court should deny without prejudice Plaintiff's motion.

### I. DISCUSSION

A preliminary injunction is an extraordinary remedy. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). Indeed, a preliminary injunction should be "the exception rather than the rule." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). The chief function of preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *see*

*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *All Care Nursing Serv. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

To establish entitlement to a preliminary injunction, a movant must demonstrate:

1. a substantial likelihood of success on the merits of the underlying claim;
2. a likelihood of suffering irreparable injury if the preliminary injunction is not granted;
3. the threatened injury to the movant outweighs any injury the nonmovant might suffer from the injunction; and
4. the injunction would not disserve the public interest.

*Winter*, 555 U.S. at 20; *Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1290–91 (11th Cir. 2022); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254–55 (11th Cir. 2020). Failure to establish even one of these prerequisites is fatal to a motion for a preliminary injunction. *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). Here, Plaintiff has *failed to establish each and every prerequisite*.

A.  **Failure to Demonstrate a Substantial Likelihood of Success on the Merits**

Plaintiff has failed to demonstrate a substantial likelihood that he will prevail on any of his three claims.

1.   *Plaintiff's Claim Under 42 U.S.C. § 1981*

"To state a claim of race discrimination under § 1981, a plaintiff must allege facts establishing: (1) that he is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171–72 (11th Cir. 2016) (alterations adopted) (internal quotation marks omitted).

In his first amended complaint, Plaintiff has not alleged intentional discrimination, much less intentional discrimination on the basis of race. *See* Docs. 28, 31. He also has not discussed these elements in his motion for a preliminary injunction. *See* Doc. 29. Insofar as Plaintiff has failed to state a claim upon which relief can be granted, he necessarily has not demonstrated a substantial likelihood of success on his section 1981 claim.

2.   *Plaintiff's Claim Under 42 U.S.C. § 1983*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant was acting under color of state law. *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986). The IRS and the federal government are not liable under section 1983 because they are not acting under color of state law.[1] *Brewer v.*

---

[1] To the extent this claim could be construed as a *Bivens* claim, "*Bivens* permits suits only against federal agents in their individual capacities." *Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 144 (11th Cir 2010).

*Comm'r, Internal Revenue*, 435 F. Supp. 2d 1174, 1179 (S.D. Ala. 2006). Insofar as Plaintiff has failed to state a claim upon which relief can be granted, he necessarily has not demonstrated a substantial likelihood of success on his section 1983 claim.

### 3. *Plaintiff's Claim Under 26 U.S.C. § 7422*

As to his claim that he is entitled to a tax credit, Plaintiff provides only a conclusory allegation that he is entitled to relief on that claim. Doc. 29 at 2. He certainly has not demonstrated that he likely will prevail on this claim.

Because Plaintiff has failed to demonstrate a likelihood of success on any of his claims, for this reason alone the District Court should deny Plaintiff's motion for a preliminary injunction.

### B.   **Failure to Demonstrate Irreparable Injury**

There is a second independent reason for the District Court to deny Plaintiff's motion for a preliminary injunction: Plaintiff has not demonstrated that he will suffer irreparable injury in the absence of a preliminary injunction.

An irreparable injury is the "sine qua non of injunctive relief." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). An injury is considered irreparable only when "it cannot be undone through monetary remedies." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am.*, 896 F.2d at 1285. The possibility that adequate compensatory damages will be available at a later date "weighs heavily against a

claim of irreparable harm." *Id.* (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)).

Here, Plaintiff seeks an injunction that directs Defendant to "loan" Plaintiff $12,000. Doc. 29 at 3. Essentially, Plaintiff seeks monetary damages, not equitable relief. Thus, he has not demonstrated that damages are an insufficient remedy. Plaintiff's failure to show that he likely will suffer an injury that cannot be remedied by damages is fatal to his claim for a preliminary injunction. This alone is a sufficient basis for the District Court to deny Plaintiff's motion.

### C.   Failure to Demonstrate the Third and Fourth Prerequisites

There is yet another reason for the District Court to deny Plaintiff's motion for a preliminary injunction: Plaintiff has not demonstrated that the threatened injury to Plaintiff outweighs any injury that Defendant might suffer from the injunction and that the injunction would not disserve the public interest. Plaintiff's failure to establish these two prerequisites also requires the District Court to deny Plaintiff's motion for a preliminary injunction.

## II. CONCLUSION

Because Plaintiff failed to establish each of the four prerequisites to obtain a preliminary injunction, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Plaintiff's motion for preliminary injunction without prejudice.

At Pensacola, Florida, this 11th day of August, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**